IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARSENAL CASING EQUIPMENT, LLC § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> CITADEL CASING SOLUTIONS, LLC § <br> § <br> *Defendant*. § <br> § <br> § | **CIVIL ACTION NO.** <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Arsenal Casing Equipment, LLC (hereafter, "Plaintiff" or "Arsenal"), brings this action against Defendant Citadel Casing Solutions, LLC (hereafter, "Defendant" or "Citadel") seeking a Declaratory Judgment of Non-Infringement and shows the following:

## I.   NATURE OF THE ACTION

1. Arsenal brings this action seeking declaratory judgment that Arsenal does not infringe, either directly or indirectly, any claim of U.S. Patent No. 12,091,966 B1 ("the '966 Patent"), which is purported to be owned by Defendant.

## II.   THE PARTIES

2. Plaintiff Arsenal is an entity organized under the laws of Texas and has its principal place of business at 700 Lavaca St., Ste. 3950 Austin, Texas 78701. Arsenal may be contacted through its attorneys of record, McCutcheon Joseph, PLLC.

3. Upon information and belief, Defendant Citadel is an entity organized under the laws of Texas having a principal place of business at 800 Northpark Central Dr., Ste. 200 Houston,

Texas 77073. Citadel may be served with process through its registered agent, Kevin Chrurch, at 800 Northpark Central Dr., Ste. 200 Houston, Texas 77073.

### III.   JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

6. There exists an actual, immediate, substantial, and justiciable controversy between Arsenal and Citadel concerning whether claims of the '966 Patent are infringed, by Arsenal. As detailed below, Citadel has repeatedly alleged in writing to Arsenal that Arsenal products and technology are infringing one or more claims of the '966 Patent. An example of these allegations is attached hereto as Exhibit A. Based upon Citadel's actions, there is a controversy between Arsenal and Citadel of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether Arsenal's products and technology is infringing or has infringed the '966 Patent.

7. This Court has personal jurisdiction over Citadel because, upon information and belief, its principal place of business is in this district and because it has purposely availed itself of the privileges and benefits of the laws of the State of Texas and conducts business within this State. Further, Citadel has purposefully directed its activities at Arsenal, a resident of this District, including taking steps to enforce the '966 Patent against Arsenal, and Arsenal now requests declaratory relief arising out of, and relating to, those activities. Furthermore, this District has a substantial interest in protecting its residents from claims of patent infringement that may be

unwarranted. By sending enforcement letters into this District, Citadel threatened patent infringement against Arsenal in this District.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## IV. BACKGROUND

9. Arsenal is a rapidly growing independent provider of casing solutions and drilling tools in the oil and gas sector. Part of Arsenal's business is derived from its wet shoe technology, which is a system that is designed for conducting cementing operations and/or other well operations in a casing, within a wellbore, and preventing fluid flow into the casing after over displacing cement through the equipment.

10. There exists a real and immediate controversy between Arsenal and Citadel concerning Citadel's allegations that Arsenal's wet shoe technology (the "accused Arsenal System") infringes one or more claims of the '966 Patent.

11. On September 18, 2024, Arsenal President, Mr. Matthew Bregman, received a first letter from counsel representing Citadel alleging that Arsenal's wet shoe technology is infringing Citadel's '966 Patent. The first letter was mistakenly addressed to Arsenal Downhole Solutions, LLC. However, the Plaintiff Arsenal Casing Equipment, LLC is the manufacturer and seller of the accused Arsenal System and is the real party in interest.

12. On October 2, 2024, Mr. Bregman, through his counsel, responded to Citadel's letter stating why the accused Arsenal System did not infringe Citadel's '966 Patent.

13. On November 15, 2024, counsel for Arsenal received a second letter from Citadel's counsel, which continued to assert allegations of infringement of claims 1 and 5 of the Citadel '966 Patent. The allegations included a photograph of an obsolete Arsenal wet shoe system and a photograph of a wiper plug, which is not used in the Arsenal wet shoe technology. The letter

PLAINTIFF'S COMPLAINT FOR DECLARATORY JUUDGMENT OF NON-INFRINGEMENT
U.S. District Court for the Southern District of Texas – Houston Division

Page **3** of **6**

further demanded that Arsenal immediately cease and desist any and all of its allegedly infringing activity, including all manufacturing, advertising, and sales of any infringing system, or any other system that infringes and/or induces infringement of the '966 Patent, immediately. A copy of that second letter is attached hereto as Exhibit A.

14. On December 13, 2024, counsel for Arsenal provided its second response and rebuttal to Citadel's allegations, providing, yet again, multiple reasons of non-infringement with respect to the '966 Patent and the accused Arsenal System identified by Citadel.

15. Following the second set of letters between counsel, as outlined above, counsel for Citadel sent a third letter to Arsenal's counsel on March 21, 2025, which included further allegations of infringement. Therefore, to date, Citadel has maintained its allegations that the accused Arsenal System infringes at least one or more claims of the '966 Patent. Arsenal has continuously rebutted Citadel's position by citing specific limitations of the '966 Patent that are not present in the accused Arsenal System.

16. Based on the communications outlined above, there is a definite and concrete dispute between the parties as to whether or not the accused Arsenal System infringes the '966 Patent. An order declaring non-infringement by Arsenal with respect to the '966 Patent will permit Arsenal to make, sell, and offer for sale its wet shoe technology – the accused Arsenal system – without the threat or potential consequences of patent infringement litigation.

17. Therefore, Plaintiff respectfully files this Complaint for Declaratory Judgment seeking the following declaratory relief.

### V.    COUNT 1: DECLARATION OF NON-INFRINGEMENT OF THE '966 PATENT

18. Plaintiff hereby incorporates by reference the previous allegations as if set forth fully herein.

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUUDGMENT OF NON-INFRINGEMENT**
U.S. District Court for the Southern District of Texas – Houston Division

Page **4** of **6**

19. On information and belief, Citadel claims to be the owner of the '966 Patent, which is titled "Shoe Track Assembly System and Method of Use" and is attached hereto as Exhibit B.

20. As set forth above, Defendant contends that the accused Arsenal wet shoe technology infringes either one or more claims of the '966 Patent.

21. Arsenal's wet shoe technology does not satisfy each and every element of any of the claims of the '966 Patent. As a result, Plaintiff has not and does not infringe any claim of the '966 Patent.

22. Plaintiff has not and does not induce or contribute to the alleged infringement of the '966 Patent.

23. There is actual and live justiciable controversy that exists within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202. Based on the foregoing, a justiciable controversy exists between Arsenal and Citadel as to whether Arenal's wet shoe technology infringes any claims of the '966 Patent. Absent a declaration of non-infringement, Citadel will continue to wrongfully allege that Arsenal's wet shoe technology infringes the '966 Patent and thereby cause Arsenal irreparable injury and damage. As a result, the controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement, and such a judicial declaration is necessary and appropriate so that Arsenal may ascertain its rights regarding its wet shoe technology – the accused Arsenal system – and the '966 Patent.

24. Therefore, Arsenal requests an Order from this Court declaring that Arsenal has not infringed any claim of the '966 Patent and for all other relief to which it is entitled.

### VI.   JURY DEMAND

25. Pursuant to the Federal Rules of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUUDGMENT OF NON-INFRINGEMENT**
U.S. District Court for the Southern District of Texas – Houston Division

Page **5** of **6**

## VII.  PRAYER FOR RELIEF

26. Wherefore based upon the above stated reasons, Plaintiff prays for a declaratory judgment against Defendant as follows:

   a. Entry of Order of this Court declaring that Arsenal has not infringed and is not infringing any claim of the '966 Patent;
   b. An award of costs of suit to Plaintiff; and
   c. Award to Plaintiff for any additional relief as the Court may deem just and proper under the circumstances.

Dated: April 17, 2025

Respectfully Submitted,

**MCCUTCHEON JOSEPH, PLLC**

/s/ Terry Joseph
Terry Joseph
TX Bar No. 11029500
Matthew Evans
TX Bar No. 24132493
McCutcheon Joseph, PLLC
5444 Westheimer Rd., Suite 1950
Houston, Texas 77057
TEL: (713) 355-4200
FAX: (713) 355-9689
tjoseph@mccutcheonjoseph.com
mevans@mccutcheonjoseph.com

COUNSEL FOR PLAINTIFF ASENAL CASING EQUIPMENT, LLC

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUUDGMENT OF NON-INFRINGEMENT**
U.S. District Court for the Southern District of Texas – Houston Division

Page **6** of **6**